# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GAIL E. PORTER, | Case No. 2:15-cv-00661-JCM-NJK |
| Plaintiff, | |
| vs. | **ORDER** |
| SOCIAL SECURITY ADMINISTRATION, et al, | |
| Defendants. | |

Plaintiff Gail E. Porter has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket No. 4), and submitted a Complaint (Docket No. 1-1).

**I.     Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a), a person seeking to proceed *in forma paurperis* must submit an application indicating he is unable to prepay fees and costs or give security for them. The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff Gail E. Porter has submitted the affidavit required by 28 U.S.C. § 1915(a). Based on the information in Plaintiff's application, the Court finds that it is unlikely that Plaintiff would be able to pay the $400 filing fee. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a

1  complaint under 28 U.S.C. § 1915, the plaintiff should be given leave to amend the complaint with
2  directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies
3  could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
5  failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling
6  on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In
7  considering whether Plaintiff has stated a claim upon which relief can be granted, all material allegations
8  in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.
9  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less
10 stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)
11 (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

12       Plaintiff's Complaint appears to challenge a decision by the Social Security Administration ("SSA")
13 denying her disability insurance benefits. Before Plaintiff can sue the SSA in federal court, she must
14 exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833
15 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the
16 claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision
17 on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request
18 reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request
19 a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request
20 review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's
21 decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R
22 §§ 404, 416. Here, Plaintiff's Complaint consists of one page stating, "I was not given a fair chance about
23 my medical condition. The ALJ made a [sic] error I [sic] law." Docket No. 1-1, at 1. This one page is
24 followed by numerous pages of medical records. *Id.*, at 2-28. Plaintiff fails to allege whether or not she
25 has exhausted her administrative remedies.

26       Additionally, once Plaintiff has exhausted her administrative remedies, she can obtain review of an
27 SSA decision denying benefits by commencing a civil action within sixty days after notice of a final
28 decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District

Court of the United States for the judicial district in which the Plaintiff resides. *Id*. The Court cannot, at this point, determine whether, or on what date, Plaintiff exhausted her administrative remedies. Therefore, the Court cannot determine whether Plaintiff timely filed her Complaint.

Additionally, the Complaint should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the SSA and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*,169 F.3d 595, 599 (9th Cir. 1999).

Based on the foregoing,

IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **June 17, 2015**, to file an Amended Complaint, if Plaintiff believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 15th day of May, 2015.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE