UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GAIL E. PORTER,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:15-cv-00661-JCM-NJK<br><br>ORDER<br><br>(Docket No. 9) |

Plaintiff Gail Porter is proceeding in this action *pro se*. On May 15, 2015, the Court granted Plaintiff's request pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5. The Court further screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *Id.* The Court found that the Complaint failed to sufficiently allege whether or not Plaintiff had exhausted her administrative remedies. *Id.* The Court allowed Plaintiff an opportunity to amend her Complaint, and that Amended Complaint has now been filed. Docket No. 9. This proceeding was referred to this Court by Local Rule IB 1-9.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a *pro se* complaint are held to less stringent standards

than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's Amended Complaint appears to challenge a decision by the Social Security Administration ("SSA") denying Plaintiff supplemental security income. Before Plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *see Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (*per curium*) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). The Appeals Council denied Plaintiff's request for review on February 10, 2015, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *See generally* 20 C.F.R §§ 404, 416. The Complaint should state the nature of Plaintiff's disability, when Plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. Judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, Plaintiff's Amended Complaint states that she has been sick since 2008. The Amended Complaint alleges that Plaintiff did not have health insurance and, therefore, was not able to see a doctor. The Amended Complaint further alleges that Plaintiff explained this to the ALJ during the hearing. Accordingly, Plaintiff has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED** that:

1. The Clerk of the Court shall file the Amended Complaint. Docket No. 9.
2. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by

           certified mail to: (1) Office of General Counsel for Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

4. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

DATED: July 8, 2015

                                                            _____
                                                              NANCY J. KOPPE
                                                              United States Magistrate Judge