**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GAIL E. PORTER,                                       )
                                                      )      Case No. 2:15-cv-00661-JCM-NJK
                              Plaintiff(s),           )
                                                      )
vs.                                                   )      REPORT AND RECOMMENDATION
                                                      )
SOCIAL SECURITY ADMINISTRATION, et al.,               )
                                                      )
                              Defendant(s).           )
_____          )

This case involves judicial review of an administrative action by the Acting Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits. Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. *See, e.g.*, Docket No. 5.

Currently pending before the Court is Plaintiff's motion for reversal and/or remand. Docket No. 33. The Commissioner filed a response in opposition. Docket No. 35. No reply was filed. *See* Docket. The Commissioner also filed a cross-motion for summary judgment. Docket No. 34. No response was filed. *See* Docket. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.      STANDARDS**

      A.      <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

1   review of such decision by a civil action . . . brought in the district court of the United States for the
2   judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript
3   of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social
4   Security, with or without remanding the cause for a rehearing." *Id.*

5           The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.
6   *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the
7   Commissioner applied the proper legal standard and there is substantial evidence in the record as a
8   whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The
9   Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance;
10  it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
11  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's
12  findings are supported by substantial evidence, the Court reviews the administrative record as a whole,
13  weighing both the evidence that supports and the evidence that detracts from the Commissioner's
14  conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

15          Under the substantial evidence test, the Commissioner's findings must be upheld if supported
16  by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190,
17  1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court
18  must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).
19  Consequently, the issue before this Court is not whether the Commissioner could reasonably have
20  reached a different conclusion, but whether the final decision is supported by substantial evidence.

21          It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to
22  the basis of the findings when determining if the Commissioner's decision is supported by substantial
23  evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where
24  appropriate, should include a statement of subordinate factual foundations on which the ultimate factual
25  conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez*
26  *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

27  //
28  //

2

1

B.     Disability Evaluation Process

2          The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

3    *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must demonstrate the

4    "inability to engage in any substantial gainful activity by reason of any medically determinable physical

5    or mental impairment which can be expected . . . to last for a continuous period of not less than 12

6    months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual must provide "specific medical

7    evidence" in support of her claim for disability.  *See, e.g.*, 20 C.F.R. § 404.1514.  If the individual

8    establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show

9    that the individual can perform other substantial gainful work that exists in the national economy.

10   *Reddick*, 157 F.3d at 721.

11         The ALJ follows a five-step sequential evaluation process in determining whether an individual

12   is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If at any step the ALJ determines that he can

13   make a finding of disability or nondisability, a determination will be made and no further evaluation is

14   required.  *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4).  The

15   first step requires the ALJ to determine whether the individual is currently engaging in substantial

16   gainful activity ("SGA").  20 C.F.R. § 416.920(b).  SGA is defined as work activity that is both

17   substantial and gainful; it involves doing significant physical or mental activities usually for pay or

18   profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not

19   disabled is made.  If the individual is not engaging in SGA, then the analysis proceeds to the second

20   step.

21         The second step addresses whether the individual has a medically determinable impairment that

22   is severe or a combination of impairments that significantly limits him from performing basic work

23   activities. 20 C.F.R. § 416.920(c).  An impairment or combination of impairments is not severe when

24   medical and other evidence establish only a slight abnormality or a combination of slight abnormalities

25   that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.920;

26

27

28

Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement in 20 C.F.R. § 416.909, then a finding of disabled is made.  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity.  20 C.F.R. § 416.920(e).  The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 416.920(e), 416.945; SSR 96-8p.  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform her past relevant work.  20 C.F.R. § 416.920(f).  Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 416.920(f), 416.960(b).  If the individual has the residual functional capacity to perform her past relevant work, then a finding of not disabled is made.  If the individual is unable to perform past relevant work, then the analysis proceeds to the fifth step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her residual functional capacity, age, education, and work experience.  20 C.F.R. § 416.920(g).  If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On April 28, 2011, Plaintiff filed an application for supplemental security income, alleging that she had been disabled since June 7, 2006.  *See, e.g.*, Administrative Record ("A.R.") 138-139.  Her claim was denied initially on July 28, 2011, and upon reconsideration on June 18, 2012.  A.R. 66-78, 81-94.  Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") and, on July 19, 2013, Plaintiff, her attorney, and a vocational expert appeared for a hearing before ALJ Barry H. Jenkins.  *See* A.R. 25-64.  On September 26, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from April 28, 2011, through the date of his decision.  A.R. 12-21.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on February 10, 2015.  A.R. 1-3.

### B.   The Decision Below

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 12-21.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

since April 28, 2011. A.R. 14. At step two, the ALJ found that Plaintiff has the following severe impairments: neuropathy, anxiety, bipolar disorder, and disorder of the back. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 14-16. The ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined by 20 C.F.R. 416.967(c) except she may frequently stoop and climb ramps or stairs, may only occasionally perform all other posturals; she is limited to the performance of simple unskilled tasks and may not perform production age pace work. A.R. 16-20. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a cashier or fountain server. A.R. 20. The ALJ also found, based on the testimony of the Vocational Expert, that Plaintiff could perform work as a prep cook. A.R. 21. Based on these findings, the ALJ found Plaintiff not disabled and denied her application for supplemental security income. A.R. 21.

## III.    ANALYSIS

Plaintiff submits that the ALJ erred in two respects.[2] First, she contends that the ALJ conducted a flawed credibility determination. Docket No. 33 at 2. Second, she submits that the ALJ erred in assessing whether she possessed transferable skills at step five in his analysis. *Id.* The Court considers each argument in turn.

###    A.    Credibility

The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing

---

[2] As Plaintiff is proceeding in this action *pro se*, the Court liberally construes her motion. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

reasons for the rejection.  *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).[3]  To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims.  *See id.* at 592.  "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."  *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

The ALJ found that Plaintiff's testimony as to the intensity, persistence and limiting effects of her symptoms was not credible.  A.R. 18.  The ALJ based that determination on Plaintiff's prior inconsistent statements, lack of consistent treatment, and the contrary medical evidence.  A.R. 18-20.

The ALJ properly considered Plaintiff's prior inconsistent statements in weighing her credibility.  *Orn*, 495 F.3d at 636.  Further, the record supports this finding.  Plaintiff testified that she stopped drinking approximately 10-12 years prior to the hearing date.  A.R. 19, 43.  However, Plaintiff's medical records from August 6, 2011, approximately two years before the hearing, state that Plaintiff "endorses heavy drinking[.]"  A.R. 299.  Accordingly, the ALJ's consideration of such inconsistencies was supported by substantial evidence and was not legal error.

Additionally, the ALJ properly found that Plaintiff's lack of consistent medical treatment undermined her credibility.  A.R. 19.  In assessing a claimant's credibility, an ALJ may rely on an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.  *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).  With respect to Plaintiff's alleged back injury, the ALJ stated that Plaintiff failed to pursue "any surgical intervention, physical therapy, chiropractic treatment, regularly prescribed pain medications, or referral to a pain management

---

[3] The Commissioner asserts that the Ninth Circuit's "clear and convincing" standard "exceeds the requirements set forth by Congress and by the Commissioner at the behest of Congress and would appear to be improper."  *See* Docket No. 34 at 6 n.2.  The Commissioner fails to show that the relevant Ninth Circuit authority has been overruled, however, so this Court continues to apply the standard adopted by the Ninth Circuit.  *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue . . . Binding authority must be followed unless and until overruled by a body competent to do so").

specialist." A.R. 19.  With respect to Plaintiff's alleged syncope episodes, the ALJ found all diagnostic testing was either normal or mild, and that Plaintiff had failed to take her medication during a 3-week period and during a separate one-month period. *Id*. (citations omitted).  Finally, as to Plaintiff's alleged mental impairments, the ALJ found that Plaintiff's treatment history was sparse and devoid of psychiatric hospitalizations, outpatient treatment, or psychiatric medications. *Id*.  The ALJ further found that, while Plaintiff sought treatment for physical ailments, she rarely discussed any mental impairments with her providers. *Id*.  As these findings have substantial support in the record, the ALJ did not commit legal error in considering Plaintiff's failure to seek treatment and to follow a prescribed course of treatment. *Molina*, 674 F.3d at 1113.

In addition, the ALJ found that Plaintiff's claims of disabling limitations were belied by contrary objective medical evidence.  A.R. 18-19.  With respect to her back injury, the ALJ noted that, despite her claims of disabling back pain at the hearing, Plaintiff's physician recorded that she had no "red flag symptoms" and required no further evaluation for low back pain.  *See* A.R. 300 (physician notation regarding back injury); A.R. 47-48 (Plaintiff testifying she required an assistive device for neuropathy that ran from her left leg to her lower back).  Similarly, Plaintiff testified that she experienced syncope episodes, although diagnostic testing was "normal or mild[.]" A.R. 19; *see also* A.R. 53-54 (Plaintiff claiming to experience repeated episodes of syncope).  As these findings are supported by the record, the ALJ did not err in determining that Plaintiff's testimony was undermined by contrary medical evidence. *Batson v. Comm'r of Soc. Admin*., 359 F.3d 1190, 1196 (9th Cir. 2004).

In short, the ALJ provided clear and convincing reasons for making an adverse credibility determination.  Ninth Circuit authority confirms that the facts considered by the ALJ were proper and that the ALJ could make an adverse credibility determination based on those factors taken collectively.  As a result, the Court finds that the ALJ's credibility finding is supported by substantial evidence and free of legal error.

B.   Transferability of Skills

Plaintiff next objects to the ALJ's finding that "[t]ransferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled."  Docket No. 33 at 2 (quoting A.R. 20).  She submits that the ALJ should have considered that, since she is of advanced age, there must be very

1    little, if any, vocational adjustment required in terms of tools, work settings or industry. *Id*; *see also*

2    *Renner v. Heckler*, 786 F.2d 1421, 1423 (9th Cir. 1986).

3           This issue arises in the context of steps four and five of the disability determination process. At

4    step four, a claimant must show that she can no longer perform her past relevant work. *Pinto v.*

5    *Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). When the claimant can perform her past relevant work

6    as actually and generally performed, then a finding of not disabled is made. *Lewis v. Barnhart*, 281 F.3d

7    1081, 1083 (9th Cir. 2002) (citing *Pinto*, 249 F.3d at 845). Although the claimant has the burden of

8    proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite

9    factual findings to support his conclusion." *Pinto*, 249 F.3d at 845. In determining that an individual

10   can perform past relevant work, the ALJ must make the following findings of fact: (1) a finding as to

11   the individual's residual functional capacity; (2) a finding as to the physical and mental demands of the

12   past job; and (3) a finding that the individual's residual functional capacity would permit a return to her

13   past job. *Ocegueda v. Colvin*, 630 Fed. Appx. 676, 677 (9th Cir. 2015) (citing SSR 82-62).

14          In this case, the ALJ found that Plaintiff is capable of performing past relevant work "as actually

15   and generally performed." A.R. 20. In making this determination, the ALJ complied with the three-step

16   approach required by the applicable regulation and case law. *Id*. First, the ALJ found that Plaintiff has

17   the residual functional capacity to perform medium work as defined by 20 C.F.R. 416.967(c) except "she

18   may frequently stoop and climb ramps or stairs, may only occasionally perform all other posturals; she

19   is limited to the performance of simple unskilled tasks and may not perform production age pace work."

20   A.R. 16. Second, the ALJ noted that the vocational expert categorized Plaintiff's past relevant work as

21   "light unskilled work with an SVP 2." A.R. 20. Third, the ALJ compared the demands of Plaintiff's

22   past relevant work to her functional residual capacity and determined that she is able to return to her past

23   relevant work as actually and generally performed. *Id*. Accordingly, the ALJ did not err in making a

24   finding of not disabled. *Pinto*, 249 F.3d at 845.

25          The ALJ made an additional and alternative finding at step five, where the Commissioner must

26   establish that the claimant is capable of performing substantial gainful work if the claimant is unable

27   to perform past relevant work. A.R. 20; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219,

28   1223 (9th Cir. 2009). Plaintiff's attack is directed solely at this stage of the ALJ's analysis. Plaintiff's

argument, however, fails to challenge step four of the ALJ's analysis, which provides an independent and adequate basis to support the ALJ's finding. Accordingly, if the ALJ erred on step five, it would be "inconsequential to the ultimate nondisability determination" and thus harmless error. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five"); *Watkins v. Astrue*, 2012 WL 123140, *6 (C.D. Cal. Jan. 17, 2012) ("any error at step five is harmless in light of the ALJ's prior *alternative* finding at step four") (emphasis in original).

**IV.   ADDITIONAL EVIDENCE**

On December 30, 2015, Plaintiff filed new medical evidence. Docket No. 24. That filing consisted of approximately 43 pages of medical treatment records and associated documents, dated from June 23, 2014, to October 8, 2015. *Id.* at 36, 1. The ALJ issued his opinion on September 26, 2013, on the basis of a transcript containing medical records dated as late as December 4, 2012. A.R. 21, 377-380.

"A reviewing court may remand a case for the Commissioner to consider new evidence that is material." *Mattison ex rel. K.A. v. Astrue*, 520 Fed.Appx. 531, 533 (9th Cir. 2013) (citing *Mayes v. Massanari*, 276 F.3d 453, 461-62 (9th Cir. 2001). "Evidence is material only if there is a 'reasonable possibility that the new evidence would have changed the outcome' if it had been before the ALJ." *Id.* (quoting *Mayes*, 276 F.3d at 462). To justify a remand, a plaintiff has the burden of showing materiality and that she had good cause for failing to produce that evidence earlier. *Mayes*, 276 F.3d at 462. Here, both Plaintiff's filing itself and her motion for remand and/or reversal omit any reference to these records. Plaintiff therefore fails to establish materiality or good cause for failing to produce this evidence earlier.

Therefore, the Court declines to remand on the basis of this evidence. Nothing in this order should be construed as preventing Plaintiff from filing a new application for benefits in the event that she can now prove a disabling physical or mental condition as of the date of any new application. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001).

//

## V.      CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence.  It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error that impacted the ultimate disability determination.

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 33) be **DENIED** and that the Commissioner's cross-motion to affirm (Docket No. 34) be **GRANTED**.

IT IS SO ORDERED.

DATED:  August 12, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).