UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GAIL E. PORTER, | Case No. 2:15-CV-661 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendant(s). | |

      Presently before the court are Magistrate Judge Koppe's report and recommendation that *pro se* plaintiff Gail Porter's motion for reversal or remand (ECF No. 33) be denied and that defendant social security administration's ("SSA") cross-motion for summary judgment (ECF No. 34) be granted. On August 29, 2016, plaintiff filed a timely objection to the report and recommendation. (ECF No. 40). On September 9, 2016, defendant filed a response to the objection (ECF No. 41), and plaintiff subsequently filed a reply (ECF No. 42). Plaintiff later filed a second objection on November 28, 2016. (ECF No. 45).

      The magistrate judge's report and recommendation considered the administrative law judge's ("ALJ") decision based on the administrative record ("A.R."). (ECF No. 39). The magistrate judge articulated plaintiff's argument as stating that the ALJ erred by: (1) conducting the two-step credibility analysis improperly; and (2) failing to consider the vocational adjustment necessary in light of plaintiff's age. (ECF Nos. 33, 39).

      The report and recommendation found that the ALJ's determination that plaintiff's testimony was not credible was supported by clear and convincing evidence, such as "prior inconsistent statements, lack of consistent treatment, and the contrary medical evidence." (ECF No. 39 at 7) (citing A.R. 18–20). Next, the magistrate judge found that the ALJ's determination that plaintiff could perform past work was appropriate, conducting three separate considerations

**James C. Mahan**
**U.S. District Judge**

of "residual functional capacity," "the physical and mental demands of the past job," and whether "[plaintiff's] residual functional capacity would permit a return" to prior employment. (ECF No. at 39) (citing *Ocegueda v. Colvin*, 630 Fed. Appx. 676, 677 (9th Cir. 2015) (citing Social Security Ruling 82-62, 1982 WL 31386, at *4)). Additionally, the report and recommendation indicate that plaintiff challenges step five of the "five-step sequential evaluation process"; however, step four, which remains unchallenged, provides the ALJ with sufficient grounds for reaching the decision at issue. 20 C.F.R. § 416.920; *see also* (ECF Nos. 33, 39).

The magistrate judge also refused to remand the case in light of plaintiff's additional evidence, finding that plaintiff had failed to show that the evidence was material or that she had good cause for failing to offer that evidence earlier. (ECF No. 39) (citing *Mayes v. Massanari*, 276 F.3d 453, 461–62 (9th Cir. 2001)). However, the report and recommendation explicitly stated that plaintiff should not be barred "from filing a new application for benefits in the event that she can now prove a disabling physical or mental condition as of the date of any new application." (ECF No. 39 at 10).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Plaintiff has filed an objection to the report and recommendation; therefore, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. *See* (ECF No. 40). As it is relevant to the instant action, plaintiff objects to the report and recommendation by contesting, somewhat ambiguously, the ALJ's consideration of her medical records and determination of her ability to perform prior work. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Defendant's response to that objection argues that this court is required to answer only the question of "whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled between April 28, 2011 and September 26, 2013." (ECF No. 41 at 2). Further, this court will not consider the documents attached to plaintiff's reply; plaintiff has failed to show that the documents are material or that she had good cause for not producing those documents earlier in this case, particularly because some of those records were created after the administrative proceeding had concluded.[1] *See Mayes*, 276 F.3d at 461–62; *compare* (A.R. 12), *with* (ECF No. 42-1).

With respect to plaintiff's objection to the ALJ's consideration of her medical history, she does not argue how the ALJ did not adequately assess the timely submitted evidence on the administrative record. (ECF No. 40). Moreover, her subjective belief regarding her employment prospects is most relevant, if at all, to the fifth step of the disability evaluation, which the report and recommendation has correctly indicated is adequately supported in this case because of the ALJ's determination of the previous, fourth step. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); 20 C.F.R. § 404.1520; *see also* (ECF No. 39). Therefore, plaintiff's objection is not persuasive that the report and recommendation have erred in their assessment of the relevant motions in this case.

This court now turns to assessing *de novo* the report and recommendation's treatment of the underlying motions. First, the magistrate judge properly construed plaintiff's motion. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Second, the magistrate judge correctly articulated and applied the two-stage credibility analysis to the ALJ's evaluation of plaintiff's case, and the ALJ did, in fact, provide "specific, clear, and convincing" reasons for rejecting plaintiff's testimony based on "prior inconsistent statements, lack of consistent treatment, and the contrary medical evidence." (ECF No. 39 at 6–7) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)); *see also* (A.R. 18–20). Moreover, the report and recommendation accurately stated that the ALJ satisfied the duty to make factual findings regarding plaintiff's capabilities, the demands of past employment, and how those findings reconcile. (ECF No. 39 at 9); *see also* (A.R. 20).

---

[1] Furthermore, this court will not consider plaintiff's second objection to the report and recommendation because it was filed roughly two and a half months after the deadline for filing an objection had elapsed and because plaintiff had already filed one timely objection. (ECF Nos. 40, 45).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Upon review, this court will adopt the magistrate judge's report and recommendation. (ECF No. 39). However, this court also wishes to echo the magistrate judge's emphasis that "[n]othing in this order should be construed as preventing Plaintiff from filing a new application for benefits in the event that she can now prove a disabling physical or mental condition as of the date of any new application." (ECF No. 39 at 10) (citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001)).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe (ECF No. 39) be, and the same hereby are, ADOPTED in their entirety.

The clerk shall enter judgment accordingly and close the case.

DATED January 27, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -